IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DANIEL A. BERNATH

   Plaintiff

v.                                CIVIL NO. JKB-16-1992

EXTREME SEAL EXPERIENCE, LLC,
et al.

   Defendants

## ORDER

Now pending before the Court is the Defendants' Motion to Dismiss for Lack of Jurisdiction and Improper Venue, Motion to Dismiss for Failure to State a claim, and Motion to Transfer (ECF No. 8). The Plaintiff, who purports to be an attorney but who is otherwise *pro se* in this case, filed a response (ECF No. 12). The response is convoluted, difficult to follow, and ultimately of little assistance to the Court in assessing whether the Defendants' motions are valid. The Court is obligated to give *pro se* pleadings a liberal interpretation, but even with such interpretation the Court finds this response to be of little assistance. It is largely incomprehensible.

Most significantly, the Defendants claim that the Court lacks personal jurisdiction over them. Again, Plaintiff is unhelpful in his response. The Court has the discretion to grant the Plaintiff discovery on this question, but is not inclined to exercise that discretion in Plaintiff's favor when the facial assertions of personal jurisdiction are so weak and incoherent as they are here.

In sum, from all of the documents in the record, the Court is not persuaded that it has personal jurisdiction over the Defendants and thus the Plaintiff has failed to meet one of his fundamental burdens. Requisite minimum contacts have not been demonstrated to the Court's satisfaction. Neither specific nor general jurisdiction has been shown. Defendants have challenged personal jurisdiction with a well-supported denial that it exists, and even though ultimately it's his burden, Plaintiff has come back with precious little in response – so little that even an order permitting Plaintiff to conduct discovery on jurisdictional facts is not warranted. The Complaint and particularly the response to the motion to dismiss are fatally incomplete.

The Court's first responsibility is to determine whether it has jurisdiction and it has concluded that it does not. Nonetheless, the Court has gone further and examined the plausibility of the claims asserted by Plaintiff. Had the Court found that it indeed had personal jurisdiction over the Defendants, it would have then concluded that on all claims the Plaintiff has failed to meet his *Igbal/Twombly* obligations in that he has not plead facts that coherently establish the plausibility of his claims. Accordingly, the case would fail on this ground as well.

Upon the finding that personal jurisdiction is lacking, the Court has the option of either dismissing the case or transferring it to a district where it concludes jurisdiction will probably lie. Given the relative incoherency of the Plaintiff's claims and his fuzzy attempts to defend against the motion to dismiss, the Court concludes that the proper course is to exercise its discretion and simply DISMISS the matter. It does so now. The Court notes that on the specific questions of whether there is personal jurisdiction and whether or not the claims are plausible, it adopts the legal reasoning set out in the Defendants' briefs (*see* ECF No. 8-1 and ECF No. 13). To the extent the Plaintiff plans to refile these claims in another district where he believes there is personal jurisdiction, this Court urges him to first reflect and then reframe his complaint so that it

is concise, straight forward and thorough in its assertions. The Clerk is directed to CLOSE THIS CASE.

DATED this 26th day of August, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge